WILLIAM KOCH, JR.,

*v.*

BERTHA E. FEICK, executrix, &c.

WILLIAM A. SMITH, administrator, &c.,

*v.*

BERTHA E. FEICK, executrix, &c.

[Submitted October 22d, 1912.   Decided October 28th, 1912.]

1. A bill alleged an express trust in complainant's favor existing against defendant's testator created by complainant having delivered a sum to testator for investment, and also alleged that testator had in his custody certain money as an executor of complainant's intestate, and prayed for an accounting thereof, and also moved for an injunction to prevent defendant executrix from having the estate declared insolvent by the orphans court.—*Held,* that complainant was not entitled to move for the injunction, the statute giving jurisdiction to award such relief merely giving it in favor of "creditors," meaning thereby persons to whom decedent owed an obligation to pay money for which an action would lie.

2. A decree of insolvency in the orphans court operates only in favor of creditors, and only against property which is applicable to pay their debts, so that such a decree would not apply to trust funds held by a decedent at the time of his death so as to deprive the *cestui que trust* of the property therein.

3. The orphans court has no jurisdiction to declare a trust; only the chancery court having jurisdiction to follow trust funds.

On motion for preliminary injunction and receiver.

*Mr. Ernest F. Keer,* for William Koch, Jr.

*Mr. Maximilian T. Rosenberg,* for William A. Smith, administrator.

*Mr. William L. Morgan* and *Mr. John R. Hardin,* for Bertha E. Feick, executrix.

HOWELL, V. C.

Charles A. Feick died about a year ago and his estate is now being administered by his executrix under the terms of his will. Application has been made to the orphans court for a decree adjudicating the estate to be insolvent. Shortly before the death of Mr. Feick, the complainant Koch delivered to him the sum of $4,500 to be invested by him upon a bond and first mortgage to be executed by one Ida Meyer, covering property in Mercer street, in the city of Newark. Feick died without having made the investment. He had on deposit in his own name in various banks and trust companies in Newark at the time of his death a cash balance exceeding $80,000. He had no separate account or deposit of the Koch money. Koch filed his bill to establish a trust in his favor, and he now moves for an injunction to prevent Feick's executrix from proceeding to have the estate declared insolvent by the orphans court; and he prays for a final decree declaring that the money so deposited by him with Feick is a trust fund entitled to payment out of the cash in Feick's bank account at the time of his death, upon the ground that it includes this trust fund.

The complainant Smith is a substituted administrator. He files his bill alleging that one Josephine Fassheimer died in February, 1911, leaving a will by which she appointed the said Charles A. Feick executor thereof, and that Feick had in his custody as such executor upwards of thirty thousand dollars belonging to the Fassheimer estate which was deposited in his individual name in one or more banks or trust companies in Newark. He prays that Feick's executrix may account for said moneys and that she may be directed to pay over to him the property belonging to the estate of the said Fassheimer, and that she may be enjoined from further proceeding in the orphans court, that she may account in this court, and that a receiver of the estate of the said Feick may be appointed.

The motions made in these two causes were heard together. It is manifest that their object is to withdraw all the litigation

over the Feick estate and the accounting by the executrix from the orphans court and to subject it to the jurisdiction and procedure of the court of chancery, and this upon the ground that the affairs of the estate are so complicated, and the claims made thereto of such a varying character, and the rules of law arising therefrom so involved, that the orphans court cannot administer justice between the parties.

I think that a single glance at the situation will make clear the fact that the complainants are in no position to insist upon their motions. The orphans court has jurisdiction of the subject-matter involved in the settlement of the estate and can easily obtain jurisdiction over the parties in interest. The sections of the statute which give this jurisdiction give it on behalf of creditors, and I am inclined to think on behalf of creditors only. By the use of the word "creditors" I mean persons to whom the deceased at the time of his death owed a debt of obligation to pay money for which an action or suit would lie. *New Jersey Insurance Co.* v. *Meeker, 37 N. J. Law (8 Vr.) 300.* A close reading of the statute gives no other result nor any other relief to any other class of persons. The complainants in these two suits do not claim to be creditors, they do not assert a right which is cognizable in the common law courts; they seek to follow trust funds which they allege were in the custody and possession of the deceased at the time of his death as trust funds strictly; in the one case as trust funds under an implied trust, and in the other as trust funds under an express trust; but in either case it is a trust fund which is attempted to be followed. On the argument counsel for both complainants disclaimed any intention whatever of putting themselves upon the footing of creditors.

But they say that a decree of insolvency passed by the orphans court, immediately and by its own force fastens the claims of creditors upon the whole fund in the hands of the executrix, so that it will be impossible for them in case they shall obtain decrees in accordance with the prayers of their respective bills, to procure satisfaction of those decrees out of the fund which the orphans court has so appropriated to persons who stand in the relation of creditors of the deceased. I do not look upon

the orphans court decree of insolvency as one having that force and effect. It is a decree in favor of creditors only and can fasten their debts only upon those funds which are applicable to the payment of debts. If the deceased had in his possession at the time of his death any assets which were held by him in trust, I fail to see how a decree of the orphans court can take away from the *cestui que trust* any right which he or she has in those assets. It is well settled that the orphans court has no jurisdiction to declare a trust. It was so held by the prerogative court *In re O'Callaghan, 64 N. J. Eq.* (*19 Dick.*) *287,* and *In re Lippincott, 68 N. J. Eq.* (*2 Robb.*) *578,* while on the other hand it is quite as well settled that this court and this court only has jurisdiction to follow trust funds. *Smith* v. *Combs, 49 N. J. Eq.* (*4 Dick.*) *420; Standish* v. *Babcock, 52 N. J. Eq.* (*7 Dick.*) *628.* (This case was reversed in *53 N. J. Eq.* (*8 Dick.*) *376,* not upon the law of the case as applied to the following of trust funds, but as to its application.) *Hunt* v. *Smith, 58 N. J. Eq.* (*13 Dick.*) *34,* and *Ellicott* v. *Kuhl, 60 N. J. Eq.* (*15 Dick.*) *333; Knatchbull* v. *Hallett, 13 C. D. 696; 49 L. J. Ch. 415.*

Upon what theory then can the complainants move to change the jurisdiction of the administration of this estate? Having disclaimed the position of creditors, and having elected to pursue a remedy in this court which is entirely adverse to the interests of the creditors, how can they compel an adjudication upon disputed claims and all the other questions that necessarily arise in the ascertainment and settlement and distribution of an insolvent estate? To allow them to do this would be to put the control of the litigation into the hands of persons who are not interested in the questions to be decided; they are interested only in following a trust fund, and to make them masters of the whole litigation would be an anomaly indeed. I am, therefore, of the opinion that the complainants are not on any such footing as will justify them in pressing their motions; they are not creditors in any sense in which that word can be used; they claim to have the ownership of a portion of the fund, but they have no interest in the whole fund, because the whole fund is not and cannot be included in the trusts sought to be enforced.

The scope of their respective bills cannot include the general administration of the estate; they are simply seeking relief for what they claim is a breach of. trust committed by Mr. Feick in his lifetime. In my opinion the situation disentitles them to any relief on this motion. I do not think that the decree of insolvency in the orphans court can affect the substantial rights of the complainants in any degree. If, before distribution of the fund by the executrix, the complainants shall have obtained the decrees which they seek, they will be able to enforce them against the executrix and against the funds in her hands. I do think, however, that the *status quo* of the general fund should be maintained until the final hearing of these causes. This I understand the counsel for the executrix will agree to, and, in fact, considering the amount of litigation in the orphans court which was foreshadowed by the statements of counsel on the argument, it is quite apparent that final decrees can be reached here quite as early as a decree for distribution can be reached in the orphans court. If the complainants' counsel are not satisfied with the statement of counsel for the executrix on this point, I will advise an order for an injunction to prevent the distribution by the executrix under any decree of the orphans court until the final decree shall have been passed in these causes.

Otherwise the motions must be denied, with costs.